Skalski Estate.

Argued September 29, 1965. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*David R. Levin,* for appellant.

*Allen S. Gordon,* with him *B. A. Karlowitz,* and *Patterson, Crawford, Arensberg & Dunn,* for appellant.

*Maurice B. Wechsler,* for appellee.

OPINION PER CURIAM, January 4, 1966:

The administrator d.b.n.c.t.a. of the Estate of Joseph C. Skalski, deceased, entered into 2 sales agreements for a parcel of realty which was the major asset of the decedent's estate. The real estate in question

had been appraised in the inventory filed in the estate at $90,000. Each of the sales agreements provided for a consideration of $46,000.

Eventually, each of the prospective purchasers petitioned the Orphans' Court for specific performance of their respective agreements of sale. The hearing Judge became aware quite early in the proceedings that the administrator was indulging in self-dealing and was not, in fact representing the best interests of the decedent's estate. He therefore, in accordance with the provision of §545 of the Fiduciaries Act of 1949, April 18, P. L. 512, 20 P.S. §320.545, restrained the administrator from making a sale of the real estate and further directed the real estate to be sold at public sale. He also directed the removal of the administrator in accordance with the provision of §331 of the Fiduciaries Act of 1949. The hearing Judge was not only of the opinion that the administrator was guilty of self-dealing, but also that $46,000 was not an adequate price for the land in question.

Exceptions were duly filed and dismissed by the Orphans' Court en banc; these appeals followed.

The record in this case indicates to our satisfaction that all counsel in this matter have conducted themselves properly and were in no way privy to the defalcations of the administrator. The record is sufficient, however, to indicate plainly that the court below acted properly in taking the action which it took.

Decree affirmed, each party to bear own costs.